UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY E. BURTON, Jr.,

    Petitioner,          Civil No. 2:15-CV-10162
                                HONORABLE SEAN F. COX
                                UNITED STATES DISTRICT COURT JUDGE
v.

BRUCE ARMSTRONG,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE
THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN
FORMA PAUPERIS***

      Bobby Burton, Jr., ("petitioner"), presently confined with the Texas Department of Criminal Justice, Correctional Institution Division at the Alfred Hughes Unit in Gatesville, Texas has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges an unspecified conviction out of the "T.D.C. Courthouse." For the reasons that follow, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

### I. DISCUSSION

      Petitioner does not specify in his habeas petition what conviction he is challenging in his petition, other than to state that it is from the "T.D.C. Courthouse." The Texas Department of Criminal Justice's Offender Search, located at http://offender.tdcj.state.tx.us/OffenderSearch/, indicates that petitioner is serving a sentence

1

out of Harris County, Texas for aggravated robbery, aggravated perjury and criminal mischief. Petitioner is serving a separate sentence out of Fort Bend County, Texas for murder. This Court has also checked the Michigan Department of Corrections' Offender Tracking Information System (OTIS), located at http://mdocweb.state.mi.us/otis2, and there is no indication that petitioner was ever convicted of any crime in Michigan or is serving a sentence in this state.[1] The Court assumes that petitioner is attempting to challenge one of his convictions out of Texas.

A federal district court lacks jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F. 3d 959, 962-63 (5th Cir. 2000). Because petitioner is currently incarcerated in the State of Texas and is challenging one of his convictions out of Texas, this Court lacks jurisdiction over his petition. *See Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979). Accordingly, the Court will dismiss the petition for writ of habeas corpus without prejudice to petitioner filing a petition for writ of habeas corpus in the appropriate federal district court in Texas.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been

---

[1] This Court is permitted to take judicial notice of these inmate locator websites. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* [2]

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable that this Court lacks jurisdiction over petitioner's habeas application. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## II.  ORDER

Accordingly, the Court **SUMMARILY DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE** a certificate

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

of appealability or leave to proceed *in forma pauperis* on appeal.

    **SO ORDERED.**

Dated:  March 3, 2015　　　　　　　　　　　　　　S/ Sean F. Cox  
　　　　　　　　　　　　　　　　　　　　　　　　Sean F. Cox  
　　　　　　　　　　　　　　　　　　　　　　　　U. S. District Judge

I hereby certify that on March 3, 2015, the foregoing document was served on counsel of record via electronic means and upon Bobby Burton, Jr.  via First Class mail at the address below:

**Bobby E. Burton, Jr.**  836846  
Texas Correctional Facility  
Aldred D. Hughes Unit  
Route 2, Box 4400  
Gatesville, TX 46597

　　　　　　　　　　　　　　　　　　　　　　　　S/ J. McCoy  
　　　　　　　　　　　　　　　　　　　　　　　　Case Manager